IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,

    Plaintiff,
vs.                                                        Case No: 5:11-cv-142-RS-GRJ

CORRECTIONS CORPORATION
OF AMERICA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a prisoner civil rights complaint pursuant to 42 U.S.C § 1983 and a motion for leave to proceed as a pauper. Docs. 1 and 2. Plaintiff also moves for leave to amend the Complaint to assert a claim for fees and costs. Doc. 4. Upon review of Plaintiff's Complaint, the Court concludes that it is due to be dismissed because Plaintiff's claims are barred by the statute of limitations. For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted.

## BACKGROUND

Plaintiff was jailed in Eatonton, Georgia, at the time the Complaint was filed; he has since been released. Plaintiff's claims stem from incidents that occurred in 2005 while Plaintiff was detained in the Bay County, Florida, jail. Plaintiff alleges that on September 20, 2005, Defendant Capt. Greg Peel served him with an improper and false Walton County warrant, in violation of Plaintiff's Due Process and other rights. Although Plaintiff's claims are difficult to construe, he contends that as a result of the September 20, 2005, violations of his rights, he served an additional 20 months in jail.

*See* Doc. 1.

## Statute of Limitations

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, Plaintiff clearly alleges that the violation of his rights occurred on September 20, 2005, and that he knew of the violations at that time. Doc. 1. The instant case was filed on May 11, 2011, well beyond the four-year limitations period. *Id*. Plaintiff's claims are barred by the statute of limitations and therefore this case must be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(i). *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as frivolous).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is **GRANTED** and that Plaintiff's motion for leave to amend, Doc. 4, is **DENIED**. It is respectfully **RECOMMENDED** that this case be dismissed as

frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS**  this 28th day of December 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.